IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| In re Subpoena to Ontario Systems, LLC<br><br>Matthew Bahr, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>State Collection Service, Inc.,<br><br>      Defendant. | File No.: 19-mc-27 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF STATE COLLECTION SERVICE INC.'S MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF ILLINOIS, OR, ALTERNATIVELY, TO QUASH OR MODIFY THIRD-PARTY SUBPOENA TO ONTARIO SYSTEMS, LLC**

## INTRODUCTION

Plaintiff and Ontario both consent to transferring this motion to the Northern District of Illinois. Thus, State Collection Service Inc. ("State Collection") respectfully requests that this motion be transferred to the Northern District of Illinois.

But if the Court opts to retain jurisdiction, the Ontario subpoena should be quashed or modified, notwithstanding Plaintiff's attempt to argue the propriety of his procedurally improper, disproportionate, and premature discovery demand to non-party Ontario.

Contrary to Plaintiff's misguided argument, State Collection does have standing to challenge the Ontario subpoena. State Collection does not object to the subpoena on the

grounds that it creates an undue burden, but because it seeks information that falls outside the scope of discovery under Rule 26 and impermissibly seeks information that is premature, confidential, and proprietary.

Plaintiff's short shrift arguments on the merits of the subpoena, the timing of discovery, and the purported class definition also miss the point. Simply put, Plaintiff's subpoena is a fishing expedition that improperly seeks information far beyond the facts of the Bahr Case and to improperly attempt to expand the scope of discovery. Accordingly, State Collection respectfully requests the Ontario subpoena be quashed or modified.

## ARGUMENT

**I. THERE IS NO OBJECTION TO TRANSFERRING THIS MOTION TO THE NORTHERN DISTRICT OF ILLINOIS.**

Plaintiff consents to transferring this motion to the Northern District of Illinois where this proceeding is pending. [Doc. No. 8 at 3.] Likewise, Ontario has represented to the undersigned that it will also consent to transfer. Accordingly, transfer is proper and this Court need not analyze the issues any further. Fed. R. Civ. P. 45(f).

**II. ALTERNATIVELY, THE ONTARIO SUBPOENA SHOULD BE QUASHED OR MODIFIED.**

### A. State Collection has Standing.

Rule 45(a) specifically requires that notice of a third-party subpoena be given to all parties <u>before</u> it is served on a non-party. Fed. R. Civ. P. 45(a)(4). Notice is required to provide the other parties with the time and opportunity to interpose objections to a third-party subpoena. Fed. R. Civ. P. 45, Advisory Notes to the 2013 Amendments ("The

2

amendments are intended to achieve the original purpose of enabling the other parties <u>to object</u> or to serve a subpoena for additional materials.") (emphasis added).

Consistent with this reasoning, courts have concluded that a party has standing to move to quash a non-party subpoena "if the subpoena infringes upon the movant's legitimate interests." *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982); *see also Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 187 (N.D. Ill. 2013) (examples of such legitimate interests include "the assertion of work product or attorney-client privilege, interference with business relationships, or production of private information about the party that may be in the possession of a third party"); *HTG Capital Partners, LLC v. Doe*, No. 15 C 02129, 2015 U.S. Dist. LEXIS 126358, at *9, 2015 WL 5611333 (N.D. Ill. Sept. 22, 2015) ("Courts have found standing ... even where the Movant's privacy interest is minimal at best.").

Moreover, district courts conclude that even if a party lacks standing under Rule 45 to challenge certain aspects of a subpoena, the party nonetheless may "achieve a similar end under Rule 26" and the motion may be converted to one for a protective order. *See Mfr. Direct, LLC v. Directbuy, Inc.*, 2007 WL 496382, at *3 (N.D. Ind. Feb. 12, 2007) (concluding that the weight of authority in the Seventh Circuit allows a party who lacks standing under Rule 45 to still move for a protective order under Rule 26); *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, No. 16-CV-4161, 2017 WL 5478297, at *2–3 (N.D. Ill. Nov. 15, 2017) ("Therefore, because Plaintiff has standing to seek a protective order under Rule 26, the Court will proceed to consider the merits of Plaintiff's motion."); *Hobley v. Chi. Police Commander Burge*, 445 F. Supp. 2d 990, 993

n.4 (N.D. Ill. 2006) ("Defendants assert that Plaintiffs lack standing to move to quash the [non-party] subpoenas . . . [but] [i]t is not necessary to decide that issue, since Plaintiffs undoubtedly have standing to seek a protective order under [Rule] 26(c)."); *Cusumano v. NRB, Inc.*, 1998 WL 673833, at *4 (N.D. Ill. Sept. 23, 1998) (finding that because defendant had sought a protective order under Rule 26 rather than Rule 45, defendant had standing to object to a non-party subpoena).

In addition, a court also has the inherent authority to quash a subpoena *sua sponte*. *See Positive Black Talk Inc. v. Cash Money Records, Inc.,* 394 F.3d 357, 377 (5th Cir.2004), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154 (2010) (upholding district court's decision to quash nonparty subpoena where information not only available from other sources but already provided); *Aslani v. Sparrow Health Sys.,* No. 08 CV 0298, 2010 WL 623673, at *5 (W.D. Mich. Feb. 18, 2010) ("[T]he court has the inherent authority on its own initiative to prevent abusive or inappropriate discovery practices, and the court approves of the Magistrate's invocation and use of that inherent authority [to quash a nonparty subpoena] as an alternative to relying on [the defendant's] motion to quash."); *Newcomb v. Principal Mut. Life Ins. Co.,* No. 07 CV 0345, 2008 WL 3539520, at *3 (W.D. N.C. Aug. 11, 2008) ("Because defendant is quite correct that plaintiff lacks standing to quash the subpoena, the court will quash the subpoena upon its own motion and under its inherent authority offer the issuance of process from this court inasmuch as such subpoena was issued outside the bounds of Rule 26(b)(4)(A).").

Here, State Collection is a party to the Bahr Case. Plaintiff provided State Collection notice of the subpoena to non-party Ontario at the same time it was served. Pursuant to Rule 45, State Collection timely submitted its objections to the subpoena in the form of a motion to quash. In its motion, State Collection objected to the subpoena because it is procedurally improper, because it seeks information well beyond the facts alleged in the complaint, and because it seeks confidential and proprietary information. State Collection's objections are completely consistent with the kinds of objections that may be asserted by a party to a Rule 45 subpoena served upon a non-party.

Moreover, Plaintiff's "standing" arguments place form over function. Even if there were some question as to State Collection's standing under Rule 45 (which there is not), the substance of State Collection's objections may be properly considered as a "protective order" under Rule 26.

In short, the Court may consider the proper scope of discovery and the propriety of Plaintiff's subpoena to non-party Ontario on State Collection's challenge, whether State Collection's motion is treated as a motion to quash or as a motion for protective order (or if the Court elects to exercise its inherent authority).

### B. Plaintiff Attempts to Circumvent Rule 34 with the Ontario Subpoena.

Plaintiff argues that the Ontario subpoena is proper because "discovery is ongoing" and no trial date has been set in the Bahr Case. [Doc. No. 8 at 4.] This argument misses the point. Plaintiff could have (and should have) served State Collection with (proportionate) formal discovery requests for the information now sought months ago. Plaintiff's attempt to obtain (disproportionate) discovery from non-party

5

Ontario now is an improper attempt to circumvent his discovery obligations under Rule 34. *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-CV-01927-WHO, 2013 WL 12316020, at *2 (N.D. Cal. Aug. 29, 2013); *Layman v. Junior Players Golf Acad., Inc.*, 314 F.R.D. 379, 385 (D.S.C. 2016).

Plaintiff also attempts to argue that he first learned that State Collection used Ontario's platform when State Collection supplemented its MIDP disclosures on February 1, 2019. [Doc. No. 8 at 2, 4.] But that isn't what happened. State Collection disclosed Ontario and produced related information to Plaintiff in its first responses to Plaintiff's interrogatories and document requests on **August 24, 2018**. [Second Declaration of Patrick D. Newman, Ex. H.]

In short, Plaintiff should not be permitted to attempt an end-run around the discovery rules to seek disproportionate discovery from non-party Ontario.

> **C.    Plaintiff Seeks Information Beyond the Scope of the <u>Facts</u> and <u>Claims</u> Alleged.**

Plaintiff contends that the discovery is relevant because it is encompassed within his attempted, ill-defined class definition. [Doc. No. 8 at 4.] That contention is not based on the reality of the facts and claims Plaintiff alleges in the complaint in the Bahr Case.

Discovery is limited to information proportionate to a party's <u>claim</u>. Fed. R. Civ. P. 26(b)(1). Plaintiff cannot seek discovery of information beyond the facts alleged in the complaint.

6

Plaintiff's complaint does not allege <u>any facts</u> to support the incredibly overbroad claimed class definition.[1]  Indeed, if Plaintiff's proposed purported "class" definition were accepted, it would encompass <u>every</u> person who received "one or more telephone calls … using an artificial or prerecorded voice to leave a message," irrespective of whether the calls were made before or after the consumer's attorney sent a written notice of representation to State Collection, or whether the notice of representation effectively revoked consent.  [Doc. No. 8 at 5; the Bahr Case Doc. No. 1 at 7.]  In fact, the purported "class" definition fails to account for the issue of consent *at all*.  [*Id*.]

Instead, the purported "class" definition exceeds the exceedingly narrow fact pattern Plaintiff alleges in the complaint in the Bahr Case (i.e., that Plaintiff's counsel sent a notice of representation to State Collection and State Collection continued to attempt contact with Plaintiff directly thereafter).  [*See* the Bahr Case, No. 1:18-cv-02910, Doc. No. 1 at ¶¶ 15, 18, 21, 38, 51, 53, N.D. Ill.] The permissible, proportionate scope of discovery is therefore limited to information pertaining to this narrow fact pattern, notwithstanding the incredibly overbroad, impermissible "class" definition Plaintiff proposes in the Bahr Case complaint.

Accordingly, Plaintiff's attempted discovery to non-party Ontario regarding <u>every</u> contract and agreement, <u>every</u> communication and email, and <u>every</u> data exchange between State Collection and Ontario to encompass all contact attempts is improper and

---

[1] Notably, Plaintiff has not pled any claims or facts related to Ontario's technology in his complaint.

amounts to an inappropriate fishing expedition. *See, e.g.*, *Ossola v. Am. Express Co.*, No. 13-cv-4836, 2015 U.S. Dist. LEXIS 117531, at *3 (N.D. Ill. Sep. 3, 2015).

### D. Plaintiff Seeks Information Prematurely.

State Collection has already provided responsive information to Plaintiff regarding the alleged "class." Plaintiff's attempt to obtain information concerning the identities of alleged "class" members, as well as information concerning the identities of individuals who will never fit within the very narrow scope of Plaintiff's alleged claim, from non-party Ontario is inappropriate at this stage. *See Oppenheimer Fund, Inc. v.* Sanders, 437 U.S. 340, 353-54 (1978).

In short, in the event Plaintiff were to establish all of the predicates of Rule 23 (which he cannot do based on the facts and claims pled in the complaint and the discovery exchanged in the Bahr Case), *then* he would be entitled to discovery regarding the identities of the putative class. Until then, Plaintiff's attempt to obtain that information from non-party Ontario is premature.

### E. The Ontario Subpoena Seeks Confidential and Protected Information.

Plaintiff summarily concludes that the information he seeks from non-party Ontario is not protected under the FDCPA. [Doc. No. 8 at 7.] Plaintiff is wrong.

Ontario is State Collection's vendor. Any account information State Collection provided to Ontario is confidential and proprietary. The same is true of the requested correspondence and data exchanges. Moreover, the account information Plaintiff improperly requests from Ontario is protected from disclosure by the FDCPA. *See* 15 U.S.C. § 1692c(b).

Plaintiff should be precluded from obtaining confidential and protected information from Ontario—particularly in light of the disproportionate nature of the attempted document requests in the Ontario subpoena. Plaintiff should also be precluded from obtaining any information protected from disclosure by the FDCPA unless and until a class is certified in the Bahr Case.

**F.       Based on the foregoing, State Collection requests the Court quash or modify the Ontario subpoena.**

If the Court elects not to transfer this motion to the Northern District of Illinois, State Collection requests the Court quash Plaintiff's subpoena to non-party Ontario or, alternatively, modify the subpoena to remove document requests 4, 6-13, or limit the requests to the individuals State Collection has identified in response to Plaintiff's discovery.

## CONCLUSION

For the reasons above, State Collections requests that this Court issue an Order transferring this motion to the Northern District of Illinois where the Bahr Case is currently pending or, alternatively, issue an Order granting State Collection's motion to quash or modify the Ontario subpoena as described in State Collection's principal memorandum and above.

*[SIGNATURE BLOCK FOLLOWS]*

**BASSFORD REMELE**
*A Professional Association*

Dated:  4/2/2019          By: /s/ Patrick D. Newman
                              Patrick D. Newman (MN #395864)
                              100 South Fifth Street, Suite 1500
                              Minneapolis, Minnesota  55402
                              Telephone:   (612) 333-3000
                              Facsimile:    (612) 333-8829
                              pnewman@bassford.com